United States District Court
Southern District of Texas
**ENTERED**
November 19, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MSA INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1477 |
| | § | |
| SHAUN KULCAK, *dba* TITAN TEST PUMPS | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court are (1) plaintiff MSA Insurance Company's ("MSA") motion for partial dismissal (Dkt. 9) and (2) MSA's motion to dismiss defendant Shaun Kulcak, *dba* Titan Test Pump's ("Kulcak") counterclaim and answer to Kulcak's counterclaim (Dkt. 10). Having considered the motions and applicable law, the court is of the opinion that MSA's motion for partial dismissal (Dkt. 9) should be GRANTED, and MSA's motion to dismiss Kulcak's counterclaim (Dkt. 10) should be DENIED to the extent that it seeks any additional relief.

### I. BACKGROUND

MSA issued several commercial general liability insurance policies to Kulcak. Dkt. 1 ¶ 8. In this suit, MSA seeks a declaratory judgment of its right to rescind those policies based on Kulcak's alleged misstatements during the insurance application process. *Id.* ¶ 19. MSA alleges that Kulcak's insurance application significantly understated his actual revenues and misstated the scope and extent of his work. *Id.* ¶¶ 9-12. MSA contends that it would not have issued the policies had it known the true magnitude of Kulcak's business. *Id.* ¶ 18.

MSA also requests reimbursement of policy proceeds paid in defense of an underlying lawsuit. *Id.* ¶ 19. In the underlying lawsuit, one of Kulcak's employees was injured when he fell

from a manlift. *Id.* ¶ 13. The employee brought a negligence suit against M.W. Rentals and Services, Inc., the company that owned the manlift, and Alta Mesa Services, LP ("Alta Mesa"), the company that provided the manlift to Kulcak. *Id.* ¶¶ 13-14. Alta Mesa filed an interpleader action against Kulcak, alleging that Kulcak owed a defense and indemnity to Alta Mesa pursuant to the terms of a master services agreement. Dkt. 7 ¶ 38. A demand for defense and indemnity for Kulcak and Alta Mesa was made to MSA. *Id.* ¶ 39. MSA rejected the demand. *Id.* When Kulcak contested the denial of benefits, MSA began an investigation into whether it was required to provide a defense and indemnity to Kulcak and Alta Mesa. *Id.* After investigating, MSA agreed to provide a defense and indemnity to Alta Mesa under a reservation of rights. *Id.* ¶ 40. However, MSA advised Kulcak that its investigation was ongoing into whether it was required to provide benefits to Kulcak. *Id.* ¶ 41.

In response to MSA's complaint, Kulcak filed counterclaims for breach of contract, fraud by non-disclosure, and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 45-56. Kulcak states that, because of MSA's lengthy ongoing investigation, he was required to retain counsel and incur attorney's fees and expenses that should have been covered by MSA. *Id.* ¶ 41. Further, Kulcak alleges that MSA's coverage counsel requested significant information from Kulcak, including tax returns and work orders, that was both burdensome to provide and irrelevant to determining whether MSA's policy provided coverage for the underlying litigation. *Id.* ¶ 42. Kulcak claims that MSA's investigation was not conducted in good faith, but rather was merely a pretext to advance MSA's goal of denying coverage. *Id.* ¶ 43.

MSA filed a motion for partial dismissal, seeking to dismiss the counterclaims for fraud by non-disclosure and breach of the duty of good faith and fair dealing. Dkt. 9. MSA then filed another

motion to dismiss with its answer to Kulcak's counterclaims, apparently seeking to have Kulcak's counterclaims dismissed in their entirety. Dkt. 10.

Kulcak failed to respond to either motion, and his deadline to respond has passed. In general, where a party fails to respond to a motion, the court treats the motion as unopposed. *See* S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). However, failure to respond is generally not a sufficient reason to grant a motion to dismiss. *See Johnson v. Pettiford*, 442 F.3d 917, 918-19 (5th Cir. 2006) (recognizing the district court's power to adopt local rules, but noting that failure to respond to a motion generally does not warrant dismissal absent extreme circumstances). Therefore, the court will carefully review the motions to dismiss.

## II. LEGAL STANDARD

In cases where federal subject matter jurisdiction is based on diversity, state law governs substantive matters while federal law governs procedure. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938); *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). This court applies the Federal Rules of Civil Procedure to matters governed by those rules. *Rosales v. Honda Motor Co.*, 726 F.2d 259, 261-62 (5th Cir. 1984); *Johnson's Estate v. Bellville Hosp.*, 56 F.R.D. 380, 384 (S.D. Tex. 1972) (Seals, J.). The Rules set forth the procedure for a motion to dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" where the moving party proves that no legally cognizable claim to relief exists. Fed. R. Civ. P. 12(b)(6); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

### III. ANALYSIS

Kulcak filed counterclaims for (1) fraud by non-disclosure, (2) breach of the duty of good faith and fair dealing, and (3) breach of contract. Dkt. 7. The court will address each counterclaim in turn.

**A.      Fraud by Non-Disclosure**

Kulcak claims that MSA committed the tort of fraud by non-disclosure. Dkt. 7 ¶ 48. Kulcak alleges that MSA conducted a "sham investigation" with respect to the underlying lawsuit that was driven by MSA's desire to find an excuse to avoid its contractual obligations. *Id.* Kulcak argues that MSA gave him the false impression that it was conducting a good faith investigation and that MSA had a duty to disclose its true intent. *Id.* ¶ 49. Kulcak claims that, had he known of the true purposes of MSA's investigation, he would have taken a more "guarded approach" rather than providing MSA with all of the information it sought. *Id.* ¶¶ 51-52.

Kulcak has not met the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which applies to this claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party

4

must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010) ("State law fraud claims are subject to the heightened pleading requirement of Rule 9(b)."). To satisfy Rule 9(b), a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. Put simply, Rule 9(b) requires the complaint to set forth the who, what, when, where, and how of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citations and internal quotation marks omitted). Although scienter may be alleged generally, "simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Id.* (citation and internal quotation marks omitted). Here, Kulcak has not identified who from MSA made statements about the investigation, the content of those statements, or when or where those statements were made. Kulcak's counterclaim is simply a bald allegation that MSA had fraudulent intent in conducting its investigation. Kulcak's counterclaim for fraud is therefore insufficient to satisfy Rule 9(b).

Further, Kulcak's fraud claim fails because his alleged damages arise solely from the contract. Kulcak argues that, because of MSA's "sham investigation," he was forced to pay expenses that should have been covered under his insurance contract. Dkt. 7 ¶ 53. However, Texas law is clear that a tort claim requires conduct that would give rise to liability independent from the contract. *See, e.g.*, *Quinn v. State Farm Lloyds*, No. 06-CV-00191, 2006 WL 1470188, at *2 (S.D. Tex. May 25, 2006) (Ellison, J.) ("[N]egligence or fraud with regard to the performance of contractual duties, such as claim handing, does not give rise to a separate cause of action under Texas law."); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("[I]f the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's

5

claim ordinarily sounds only in contract."); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."). Here, Kulcak alleges only that he was denied benefits owed to him under the contract. These allegations may be a proper basis for a breach of contract claim, but they cannot sustain a tort claim.

Therefore, MSA's motion to dismiss Kulcak's counterclaim for fraud by non-disclosure is GRANTED.

**B.     Breach of the Duty of Good Faith and Fair Dealing**

Kulcak alleges that MSA breached its duty of good faith and fair dealing by using a "sham investigation" to deny the payment of benefits under its insurance contracts. Dkt. 7 ¶¶ 54-55. As a result of the delay caused by MSA's investigation, Kulcak was forced to pay expenses that he maintains should have been paid under the contract. *Id.* ¶ 56.

Kulcak's claim for breach of the duty of good faith and fair dealing fails under Texas law. In Texas, an insurer owes a duty of good faith and fair dealing only in the first-party insurance context for the insured's own claim of loss. *See Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 341 F.3d 415, 425 (5th Cir. 2003) ("Under Texas law, an insurer owes a duty of good faith in handling its insured's own claim of loss . . . An insured, however, has no claim for bad faith premised on the insurer's investigation or defense of a claim brought against it by a third party."). An insurer owes no duty of good faith and fair dealing when handling a third-party claim. *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 510 (N.D. Tex. 2011) (collecting cases holding that Texas law does not provide a cause of action for breach of the duty of good faith and fair dealing in handling a third-party claim because the insurer's duty to accept a

reasonable settlement offer provides sufficient protection to the insured in that context), *aff'd*, 709 F.3d 515 (5th Cir. 2013).  The underlying lawsuit in this case involves a third-party claim filed by an injured employee against M.W. Rentals and Alta Mesa, rather than Kulcak's own claim of loss.  As a result, the insurer has no duty of good faith and fair dealing here.  Therefore, MSA's motion to dismiss Kulcak's counterclaim for breach of the duty of good faith and fair dealing is GRANTED.

**C.     Breach of Contract**

Kulcak states that there was a valid contract at all times relevant to this lawsuit, and he performed or was excused from performance of all conditions under the contract.  Dkt. 7 ¶ 46.  He alleges that MSA breached that contract by denying coverage without a valid reason, conducting a "sham investigation" designed to deny coverage, and failing to provide benefits required under the contract.  *Id.* ¶ 47.  Kulcak claims that he has suffered damages because he was required to retain his own counsel and pay court costs in the underlying litigation when those fees should have been covered under the policy.  *Id.*

MSA did not address Kulcak's breach of contract counterclaim in its motion for partial dismissal.  Dkt. 9.  MSA's motion to dismiss and answer to Kulcak's counterclaim asks that Kulcak take nothing by his counterclaim.  Dkt. 10.  This motion seemingly requests dismissal of the counterclaim in its entirety, including the breach of contract counterclaim.  Dkt. 10.  However, MSA did not provide a proposed order with the motion, as required by the court's procedures.  *See* Judge Miller's Procedures ¶ 6(A)(3), *available at* http://www.txs.uscourts.gov/page/judge-millers-procedures.  Therefore, it is unclear what relief MSA seeks regarding the breach of contract counterclaim.

The motion contains conclusory statements that the counterclaim fails to state a claim and that certain affirmative defenses apply.  Dkt. 10 ¶¶ 37-38.  The motion also states that various contract conditions and exclusions apply, but it provides limited or no explanation about how these

7

provisions are relevant. *Id.* ¶¶ 40-58. MSA cites no authority in support of its position. Based on this motion, MSA has not met its burden to prove that no legally cognizable claim to relief exists as to the breach of contract counterclaim. Assuming Kulcak's version of the facts is true, Kulcak could plausibly be entitled to relief for breach of contract. Further, there are outstanding factual disputes regarding whether Kulcak made misrepresentations in his insurance application. The resolution of these disputes will determine MSA's right to rescind the insurance contract and, by association, will affect the breach of contract claim. These issues cannot be resolved at the motion to dismiss stage. Therefore, MSA's motion to dismiss is DENIED with respect to Kulcak's breach of contract counterclaim.

## IV. CONCLUSION

MSA's motion for partial dismissal (Dkt. 9) is GRANTED. MSA's motion to dismiss and subject thereto answer to Kulcak's counterclaim (Dkt. 10) is DENIED to the extent that it seeks any additional relief.

Signed at Houston, Texas on November 19, 2015.

_____
Gray H. Miller
United States District Judge